## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SONG-CHU KO, | CIVIL CASE NO. CV0211-19 |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| WILLIAM KANG, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 9, 2021, for hearing on Plaintiff Song-Chu Ko's ("Plaintiff") Motion for Sanctions. Present remotely via Zoom was Attorney William B. Brennan on behalf of Plaintiff. Defendant William Kang ("Defendant") was not present, and currently represents himself pro se. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order GRANTING Plaintiff's Motion for Sanctions.

## BACKGROUND

This matter commenced on April 2, 2019 with the filing of Plaintiff's Verified Complaint for a Temporary Restraining Order, Preliminary and Permanent Injunctions, and Damages. On April 26, 2019, Defendant filed his Answer and Counterclaim, also seeking damages and restraining orders against Plaintiff. The parties are mutually restrained from contacting each other and are ordered not to harass, abuse, threaten, disturb the peace and well-

*Ko vs. Kang*
Case No. CV0211-19
Decision and Order

Page 1 of 5

being of each other, pursuant to orders issued by the Court in a Preliminary Injunction and Restraining Order filed May 10, 2019. Defendant was initially represented in this matter by Attorney Joshua Walsh, and later represented by Attorney Jeffrey A. Cook. *See* Substitution of Counsel, Mar. 26, 2019.

On October 29, 2020, Attorney Cook filed a Motion to Withdraw as Counsel for Defendant, indicating that Defendant "could not afford to fight the case and wanted to drop the case," that Defendant "approved a letter from me to Plaintiff's counsel advising Plaintiff's counsel of Mr. Kang's intention not to pursue defending or protecting this lawsuit," and that he has not had any contact with Defendant since an email sent on August 12, 2020, and that Defendant did not respond to an October 8, 2020 letter requesting he sign a substitution of counsel substituting Attorney Cook out and Defendant representing himself in pro se. (Decl. of Attorney Cook, Oct. 29, 2020). *See also* Mot. Withdraw at 2-3, Oct. 29, 2020. On November 19, 2020, the Court granted Attorney Cook's Motion to Withdraw. (Minute Entry, Nov. 19, 2020; Order Granting Mot. Withdraw as Counsel, Aug. 11, 2021).

On June 22, 2021, Plaintiff filed the instant Motion, moving the Court to sanction Defendant for his nonappearance and failure to participate in this matter. Also filed in support of the Motion for Sanctions on June 22, 2021 were a Declaration of Counsel and a GRCP Rule 37 and CVR 37.1 Stipulation.[1] No response to the Motion was filed by Defendant. The Court first set the matter for hearing on August 10, 2021, and then continued the Motion Hearing to September 9, 2021 to ensure Defendant was served notice of the hearing. Defendant did not appear at the September 9, 2021 hearing. At the conclusion of the September 9, 2021 Motion Hearing, the Court gave its inclinations on the record and placed the matter under advisement.

## DISCUSSION

Plaintiff first moves the Court to sanction Defendant for his nonappearance at a noticed deposition on January 13, 2021 by ordering Defendant to pay Plaintiff the reasonable costs

---

[1] Although captioned as a Stipulation pursuant to GRCP Rule 37, Defendant did not sign the Stipulation, with Plaintiff setting forth on page 2 of the Stipulation that "Defendant failed to respond with his position related to the Plaintiff's Motion for Sanctions."

*Ko vs. Kang*
Case No. CV0211-19
Decision and Order

incurred in setting up the deposition and the costs of bringing the instant Motion. *See* Mot. Sanctions at 4-5, Jun. 22, 2021. Rule 37 of the Guam Rules of Civil Procedure provides for relief for a party when there is a failure of another party to make disclosure or cooperate in discovery. Pursuant to Rule 37, if a party fails to appear for his/her own deposition after being served with a proper notice, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Guam R. Civ. P. 37(d).

Here, there is no dispute that Defendant was properly noticed, that Defendant failed to appear, or that Defendant's failure to appear was not substantially justified. Defendant has not provided counsel for Plaintiff or this Court any explanation for his failure to appear at his properly noticed deposition. Further, there are no other circumstances before the Court at this time indicating that an award of expenses would be unjust. Therefore, pursuant the Rule 37, the Court must require Defendant to pay reasonable expenses, including attorney fees, caused by Defendant's failure to appear at the deposition. The Court **ORDERS** Defendant to pay Plaintiff reasonable costs incurred in the noticed deposition on January 13, 2021 in arranging the depositions via the court reporter as well as reasonable attorney's fees incurred in bringing the instant Motion.

Plaintiff also moves the Court to sanction Defendant beyond fees and costs by striking Defendant's Answer and entering default against him. (Mot. Sanctions at 5-9). Plaintiff argues default against Defendant is warranted as a Rule 37 sanction "due to [Defendant's] willful conduct that has frustrated the Plaintiff's attempts at discovery since October of 2020." *Id.* at 10. Rule 37 also provides for default judgments as an available sanction for discovery violations and failing to comply with a court order. *See* Guam R. Civ. P. 37(b)(2)(C) ("An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."). The Court has the "discretion to impose the extreme sanction of dismissal or default where there has been flagrant, bad faith disregard of discovery

*Ko vs. Kang*
Case No. CV0211-19
Decision and Order

duties." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (citing *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

To determine whether default is appropriate as a Rule 37 sanction, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)) (alteration in original). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Id.*

Here, Defendant has frustrated Plaintiff's ability to complete discovery, despite attempts by Plaintiff's counsel to communicate with Defendant since October 2020. Although public policy favors addressing this matter on the merits, Defendant is not participating at all. This has prejudiced Plaintiff as he is unable to ascertain Defendant's knowledge of the facts forming the basis of this matter or to defend against Defendant's counterclaim. Most significantly, according to Defendant's prior counsel, Defendant advised him "based on numerous reasons he could not afford to fight the case and he wanted to drop the case," and that he "approved a letter from me to Plaintiff's counsel advising Plaintiff's counsel of [his] intention not to pursue defending or protecting this lawsuit." (Decl. of Counsel in Support of Mot. Withdraw, Oct. 29, 2020). Therefore, although it could order Defendant to participate in a deposition as an alternative to striking Defendant's Answer and Counterclaim, the Court finds such an order would be unavailing. Accordingly, the Court finds that default should be entered against the Defendant.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Sanctions. The Court **ORDERS** Defendant to pay Plaintiff reasonable costs incurred in the noticed deposition on January 13, 2021 in arranging the depositions via the court reporter as well as reasonable attorney's fees incurred in bringing the instant Motion. Plaintiff shall submit for the

*Ko vs. Kang*
Case No. CV0211-19
Decision and Order

Page 4 of 5

Court's review his reasonable costs incurred prior to the hearing set forth below. Further, the Court hereby **STRIKES** Defendant's Answer and Counterclaim filed April 26, 2019, and **ENTERS DEFAULT** against Defendant on Plaintiff's First Amended Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctions, and Damages. A Default Hearing is set for _December 02, 2021_ at _2:30 pm_ via Zoom: Meeting ID: **328-483-6667**; Passcode: **992379**.

   **IT IS SO ORDERED** this _29th_ day of October, 2021.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Arriola_
_W. Kang_
Date:_____ Time:_10/29/21_
_Joseph Bamba, Jr._
Deputy Clerk, Superior Court of Guam

*Ko vs. Kang*
Case No. CV0211-19
Decision and Order